IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JUSTIN GOTTFRIED,

          Plaintiff,

    v.

RYAN ALEXANDER; AMY SAERIS;
ODHS,

          Defendants.

Civ. No. 6:26-cv-01433-AA

**OPINION & ORDER**

AIKEN, District Judge.

Self-represented Plaintiff Justin Gottfried seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the application to proceed IFP is GRANTED but the Complaint, ECF No. 1, is DISMISSED.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED. However, for the reasons discussed below, the Complaint must be dismissed.

As a preliminary matter, the Court has taken the step of sealing the Complaint because Plaintiff has included his minor children's birth certificates, which include their full names and other personal identifying information, as exhibits to the Complaint. Plaintiff may not file publicly available documents with his children's full legal names, dates of birth, and other sensitive information. *See* Fed. R. Civ. P. 5.2 (governing privacy protections for minors in court filings).

Plaintiff brings claims for "Defamation, VAWA, 4th and 14th Amendment and 1st Amendment Retaliation, and deprivation of rights under color of law, harassment (civil), violation of HIPPA [sic], and RUILPA [sic]." Compl. at 3. ECF No. 1.

This case is the latest in a series of suits filed by Plaintiff asking the Oregon federal courts to interfere in Plaintiff's ongoing child custody/dependency case(s) with the Oregon Department of Human Services. *See, e.g., Justin Gottfried et al. v. ODHS*

*et al.*, Case No. 6:25-cv-01827-AP; *Justin Gottfried v. Palmer*, Case No. 6:26-cv-00225-AP; *Justin Gottfried-Perkins v. Palmer et al.*, Case No 6:25-cv-01450-AA.

Plaintiff is, once again, asking the Court to "order ODHS my safe return [sic] to California with my family." As Judge Potter explained in Case No. 6:26-cv-00225-AP, "[t]his Court has made clear to Mr. Gottfried on more than one occasion that his claims simply are not viable because they would require the Court to become involved in an ongoing child custody matter, which is not permitted." (citing *Chima v. Perkins*, 808 F. Supp.3d 1055, 1059 (N.D. Cal. 2025). The fact that, as in his other cases, Plaintiff may style his claims as violations of his constitutional rights does not change this analysis. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987); *see also Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) ("Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."). For these reasons, Plaintiff's claims once again fail as he is seeking to have this Court interfere with an ongoing child custody/dependency matter pending before the Oregon state courts and restore custody of the children to Plaintiff.

Specific to this case, Plaintiff alleges that he met with Defendant Ryan Alexander, who read aloud a letter, Exhibit 1 to the Complaint, which Plaintiff says accuses him of "heinous crimes," and "speak[s] explicitly about [his] mental health." The Complaint appears to allege that the letter told Plaintiff he would "never see [his] children again" if he didn't sign a release of information," and that his older daughter would be adopted soon if Plaintiff "didn't stop filing complaints." Compl. 4. The Court

has reviewed Exhibit 1 and it appears to be response to an inquiry from Plaintiff asking for a "written list of concerns on this case." It goes on to describe Oregon DHS's concerns about Plaintiff's behavior, which it says include threats against state employees, and other "volatile" and "erratic" behavior. Compl. Ex. 1. Contrary to the allegations of the Complaint, the letter contains no threats concerning Plaintiff's ability to see his children or the adoption of Plaintiff's older daughter. There are no allegations whatsoever concerning Defendant Amy Saeris.

Although the Complaint briefly refers to Plaintiff's constitutional rights, Compl. 3, it also appears to disclaim any § 1983 claims. *See id.* at 3 (stating that Plaintiff brings his claims based only on diversity of citizenship) and Civil Cover Sheet (listing diversity as the basis of jurisdiction and checking "Assault, Libel & Slander" as the nature of the suit). In addition, the Complaint lists Oregon DHS as a Defendant, but state agencies are not proper defendants under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

As noted, Plaintiff references "HIPPA," which the Court infers to mean the Health Insurance Portability and Accountability Act of 1996, also known as "HIPAA." However, HIPAA provides no private right of action. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). There are also references in the Complaint to "VAWA," which the Court interprets to mean the Violence Against Women Act, 34 U.S.C. § 12361, and to "RUILPA," which the Court interprets to mean the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §

2000cc *et seq.*, but provides no clear allegations connected to either statute. As noted, Plaintiff appears to assert only state law claims under diversity jurisdiction.

In addition, "Oregon DHS, because it is state agency, is immune from suite in federal court except where Oregon has consented to be sued or where authorized by the legislature" and "Oregon has not consented to be sued for torts in federal court." *Corbin v. Bailey*, Case No. 3:20-cv-1877-YY, 2023 WL 4354245, at *4 (D. Or. Mar. 2, 2023). "Thus, Oregon DHS is immune from state law claims in federal court, and any state law claims against it must be dismissed." *Id.* Plaintiff's claims for defamation and civil harassment against Oregon DHS must be dismissed.

Turning to the remaining claims, Plaintiff alleges that he was defamed by Defendants Alexander and Oregon DHS. "The elements of a claim for defamation are: (1) the making of a defamatory statement; (2) publications of the defamatory material; and (3) a resulting special harm, unless the statement is *per se* and therefore gives rise to presumptive special harm." *Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvannia v. Starplex Corp.*, 220 Or. App. 560, 584 (2008).

With respect to the individual Defendants, both are alleged to be Oregon DHS employees and Alexander met with Plaintiff in the course of his duties. "[A]n employee of an executive agency has an absolute privilege to make defamatory statements in the exercise of official duties, even if the statements were malicious and the person who made the statements is a lower-level employee." *Christianson v. State*, 239 Or. App. 451, 459 (2010). The individual Defendants, as Oregon DHS

employees, were privileged to make defamatory statements against Plaintiff in the course of their duties. The defamation claims against the individual Defendants fail.

Plaintiff provides no specifics about his claim for "civil harassment." To maintain a civil harassment claim under ORS 30.866(1), a plaintiff must establish that (1) the respondent engaged in repeated and unwanted contact with the plaintiff; (2) that the plaintiff was subjectively alarmed or coerced by the contact and that such alarm or coercion was objectively reasonable; (3) that the plaintiff subjectively experienced apprehension about personal safety as a result of the contact and that such apprehension was objectively reasonable; and (4) that the defendant acted with the requisite mental state. *Benaron v. Simic*, Case No. 3:19-cv-01653-SB, 2021 WL 4464176, at *15 (D. Or. Sept. 29, 2021) (citing *H.L.P. v. Jones*, 309 Or. App. 108, 113 (2021)).

There are numerous gaps in Plaintiff's pleading of this claim, but the Court wishes to address one particular issue, which is fatal to the claim. "Contact" is defined in ORS 163.730(3) and, for purposes of a claim for civil harassment, the "contact must but 'unwanted' and it must cause 'alarm,'" meaning that the "contact must instill in the petitioner apprehension or fear resulting from the perception of danger." *H.L.P. v. Jones*, 309 Or. App. at 113 (internal quotation marks and citation omitted). "'Danger' in this context means a threat of physical injury, not merely a threat of annoyance or harassment." *Id.* at 113-14. To "[c]oerce means to restrain, compel or dominate by force or threat." *Id.* at 114.

Relatedly, "[b]ecause speech is protected by Article I, section 8 of the Oregon Constitution, [the plaintiff] must demonstrate that any speech-based contact amounts to a 'threat.'" *H.L.P.*, 309 Or. App. 114 (internal quotation marks and citation omitted). A "threat" in the context of a claim for civil harassment, is a "communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts." *Id.* at 113. Here, even the most strained reading of the Complaint contains no suggestion of the threat or fear of imminent personal violence by the individual Defendants against Plaintiff. The claim must be dismissed.

The Court concludes that this Complaint must be dismissed. In light of the defects outlined above, the Court concludes that leave to amend would be futile. Dismissal shall therefore be without leave to amend.

## CONCLUSION

For the reasons set forth above, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED without service on Defendants and without leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____16th____ day of July 2026.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge